United States District Court
Southern District of Texas
**ENTERED**
April 30, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL REEDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02221 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

### I.    INTRODUCTION

Pending before the Court are the defendants', Harris County, Texas, ("Harris County"), Ed Gonzalez ("Gonzalez"), and Bruce Causey ("Causey") motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 30,31,32). The plaintiff, James Michael Reeder ("Reeder"), has filed responses to the defendants' motions (Dkt. No. 33,34,35), and the defendants have filed replies (Dkt. No. 36,37,38). After reviewing the motions, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendants' motions should be **GRANTED**.

### II.    FACTUAL BACKGROUND

James Michael Reeder has been detained at Harris County Jail from February 2020, unable to afford his bail. In June 2022, while housed in a protective custody unit due to vulnerability to abuse, Reeder reported contraband and drug activity, and later threats of violence from fellow inmates.

From June 5 to June 11, 2022, only one guard was on duty in Reeder's unit. He alleges that despite repeated warnings to the guards and requests for relocation, his complaints were ignored. On June 11, 2022, he was assaulted by inmates, resulting in a broken arm requiring surgery with

metal plates and pins. Following hospital treatment, Reeder was returned to the same cell where the assault occurred. He has brought this suit claiming civil right violations pursuant to 42 U.S.C. § 1983.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## IV.    ANALYSIS & DISCUSSION

### a.    Harris County's Motion to Dismiss

To state a viable claim against a municipal entity under 42 U.S.C. § 1983, a plaintiff must do more than allege misconduct by a government employee. Rather, he must identify a specific policy or custom that was the "moving force" behind the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

Reeder alleges that over the past decade, approximately 52 civil rights cases have been filed concerning the Harris County Jail, 14 of which involved alleged failures to protect inmates.

He further notes that the jail detains about 10,000 inmates daily. These statistics alone, however, are insufficient to meet the high burden required to establish an unconstitutional policy or custom. The Fifth Circuit Court of Appeals requires that an alleged policy be supported by a pattern of similar and specific prior incidents, not generalized or conclusory allegations. *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018).

Here, 14 lawsuits taken together over a 10-year period do not rise to the level of a "persistent, widespread practice" from which it may be inferred that Harris County has established or fostered a policy of failure to protect inmates. The Fifth Circuit Court of Appeals has mentioned that 11 incidents of warrantless searches did not establish the existence of an unwritten municipal custom of warrantless searches. See *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002). The same reasoning applies here. Numbers alone do not constitute sufficient evidence from which one may conclude that it was the moving force behind Reeder's alleges attack and injuries.

For the foregoing reasons, the Court concludes that Reeder has failed to allege a non-conclusory, specific, and factually supported municipal policy or custom that was the moving force behind his alleged constitutional violation. Accordingly, Harris County's motion to dismiss is hereby **GRANTED**.

### b. Gonzalez's Motion to Dismiss

Reeder also alleges that Gonzalez failed to intervene or protect him from the assault of a fellow inmate, asserting a § 1983 claim for failure to protect under the Eighth and/or Fourteenth Amendments of the Federal Constitution. However, such a claim requires that an official be aware of facts indicating a substantial risk of serious harm from which an official could actually draw the inference that such a risk existed; and, then disregarded that risk through deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970 (1994).

The Fifth Circuit Court of Appeals distinguishes between negligence or poor judgment and deliberate indifference. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Mere knowledge that an inmate was placed in general population setting, without more, is insufficient to raise the inference that a correctional officer was deliberately indifferent.

Here, Reeder fails to allege that Gonzalez had actual knowledge of a substantial risk of harm. No facts suggest that Gonzalez was aware that the attacker posed a specific risk to Reeder, or that any threat had been reported. The alleged inaction, without more, does not satisfy the standard of deliberate indifference. Thus, Gonzalez's motion to dismiss is **GRANTED**.

     c.   Causey's Motion to Dismiss

Reeder's allegations against Causey are also brought as a failure to protect claim. The standard for liability for Causey's liability is the same as that for Gonzales. Reeder does not allege that Causey received a grievance, warning, or had any prior notice that alerted him to a specific threat against Reeder. Nor does he allege that the attacker was known to be violent, had previously engaged in such conduct, or that the jail classification decisions were such that they served as notice to Causey of the attacker's propensity. As with Gonzalez, Reeder's claims are wholly conclusory and lack the specificity required to survive dismissal. Accordingly, Causey's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on April 30, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge